David L. Lillehaug, Associate Justice
The court indefinitely suspended petitioner Richard S. Eskola from the practice of law, with no right to petition for reinstatement for a minimum of 18 months, effective as of March 29, 2017. In re Eskola , 891 N.W.2d 294, 296 (Minn. 2017). Eskola's misconduct involved (1) failing to maintain trust account books and records; (2) making false statements to the Director *46 of the Office of Lawyers Professional Responsibility; and (3) mishandling and misappropriating client funds. See Minn. R. Prof. Conduct 1.15(a), 1.15(c)(2), 1.15(c)(3), and 1.15(h), as interpreted by Appendix 1, and Minn. R. Prof. Conduct 8.1(a), 8.4(c).
Petitioner applied for reinstatement on October 20, 2018, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel concluded that petitioner has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid the costs required under Rule 24, RLPR, and passed the Multistate Professional Responsibility Exam. The panel also concluded petitioner had proven by clear and convincing evidence that he had undergone the requisite moral change to render him fit to resume the practice of law, that he possesses current legal skill and knowledge, and that he had otherwise met the conditions of reinstatement set forth in our prior order. The panel recommended that petitioner be reinstated to the practice of law and placed on probation for a period of 2 years, subject to conditions.
Petitioner and the Director waive their procedural rights under Rule 18, RLPR, and jointly recommend that petitioner be reinstated and, upon reinstatement, be placed on probation. The court has independently reviewed the file and approves the recommended disposition.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED that:
1. Petitioner Richard S. Eskola is reinstated to the practice of law.
2. The restriction in this court's order of March 15, 2017, remains in effect: petitioner is permanently prohibited from being an authorized signatory on any client trust account. Accordingly, petitioner shall arrange his practice such that he is associated with an attorney with signatory capabilities and responsibilities over a trust account as required by the nature of petitioner's practice.
3. Likewise, petitioner shall employ an accountant or bookkeeper with training in handling attorney business and trust accounts to manage his books and records.
4. Petitioner shall promptly take a class on basic computer skills for office management, which class shall be completed no later than six months after petitioner's reinstatement to the practice of law.
5. If petitioner did not attend the 2019 Strategic Solutions for Solo and Small Firms Conference on August 4-6, 2019, at the Duluth Entertainment Convention Center, he shall attend such similar course as is directed to small and solo practitioners.
6. Petitioner shall submit his proposed flat fee retainer agreement to the Director for approval within 30 days of reinstatement to the practice of law.
7. Petitioner is placed on probation to terminate 2 years after petitioner's reinstatement, subject to the following terms and conditions:
(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change in address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation.
*47 (b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.
(c) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor within 2 weeks of the court's order reinstating petitioner to the practice of law. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall on the first day of each month provide the Director with an inventory of active client files. Petitioner shall make active client files available to the Director upon request.
(d) Petitioner shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15, and Appendix 1 to the Minnesota Rules of Professional Conduct. These books and records shall include the following: client subsidiary ledgers; checkbook registers; monthly trial balance reports; monthly reconciliation reports; bank statements; canceled checks (if they are provided with the bank statements); duplicate deposit slips; bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program; and bank wire, electronic, or telephone transfer confirmations. Such books and records shall be made available to the Director within 30 days of petitioner's reinstatement and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.
(e) If at any time during the period of probation, after giving petitioner an opportunity to be heard by the Director, the Director concludes that petitioner has violated the conditions of the probation, has violated any of the other requirements of this order, or has engaged in further misconduct, the Director may file a petition for disciplinary action against petitioner in the Minnesota Supreme Court without the necessity of submitting the matter to a Panel or Panel Chair. Petitioner waives the right to such consideration by the Panel or Panel Chair.